UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICIA FRASCINO,

    Plaintiff,

v.    Case No. 8:17-cv-2780-T-DNF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## **OPINION AND ORDER**

Plaintiff, Alicia Frascino, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

**I. Social Security Act Eligibility, Procedural History, Standard of Review, and ALJ's Findings**

    **A.    Procedural History**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### B. Procedural History

Plaintiff protectively filed applications for a period of disability, DIB, and SSI in September 2014, alleging a disability onset date of October 15, 2013. (Tr. 373-83). Plaintiff's applications were denied initially on November 12, 2014, and upon reconsideration on February 26, 2015. (Tr. 286-88, 289-91, 294-98, 299-303).). Plaintiff requested a hearing and on September 29, 2016, an administrative hearing was held before Administrative Law Judge Rhonda S. Greenberg (the "ALJ"). (Tr. 183-209). On December 7, 2016, the ALJ rendered her decision finding Plaintiff not disabled. (Tr. 17-29). Plaintiff requested review of the decision which the Appeals Council denied review on September 18, 2017. (Tr. 1-6). Plaintiff initiated this action by Complaint (Doc. 1) on November 16, 2017.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However,

the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and

compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to Claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. The ALJ's Findings

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2013, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: history of left foot fracture; mild chronic, benign appearing L1 compression fracture; asthma; history of minor motor seizures; and bipolar disorder. (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-20).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CPR 404.1567(a) and 416.967(a). Function by function the claimant remains able to sit 6 to 8 hours a day, stand and walk 2 hours, lift and carry 10 pounds frequently and 15 pounds occasionally. She remains able to occasionally climb ramps and stairs, but never climb ladders, ropes and scaffolding. She remains able to occasionally balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to vibration and cannot work around hazards such as working around unprotected heights or operating dangerous machinery, tools or equipment. She must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation. She remains able to perform straightforward job instructions consistent with simple and routine tasks, making basic work related decisions, and executing simple recurrent tasks at an acceptable rate under normal supervision. She can function adequately in work environments where employment related social interactions are infrequent and largely task specific versus collaborative. She can adapt to routine modifications in vocational duties that are well explained or implemented gradually.

(Tr. 22). At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a telephone solicitor. (Tr. 27).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 27). Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could perform such jobs as addresser, lens inserter, and cuff folder. (Tr. 28). The ALJ concluded that Plaintiff was not under a disability from October 15, 2013, the alleged onset date, through the date of the decision, December 7, 2016. (Tr. 28-29).

## II.     Analysis

Plaintiff raises a single issue on appeal: whether the ALJ properly evaluated and considered Plaintiff's impairments, individually and in combination. (Doc. 21 p. 11-15). Specifically, Plaintiff contends that the ALJ erred by failing to properly consider medical evidence concerning

Plaintiff's migraine headaches and her need to keep her feet elevated above hip level while seated to minimize swelling and pressure. (Doc. 21 p. 13-15). Plaintiff notes that the ALJ only mentioned Plaintiff's migraine headaches a single time and never mentioned Plaintiff's leg swelling in his decision. (Doc. 21 p. 13). Plaintiff contends that the ALJ's failure to discuss, credit, or discredit these conditions requires the case to be remanded with directions for the ALJ to perform a fuller, more adequate evaluation of the evidence of record. (Doc. 21 p. 15). In response, Defendant contends that the ALJ properly evaluated Plaintiff's impairments singularly and in combination. (Doc. 21 p. 15-20).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e).

The ALJ must consider the combined effects of all impairments in evaluating disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (finding that "it is the duty of the . . . [ALJ] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled"). A disability claimant should be evaluated as a whole person, and not evaluated in the abstract as having several

hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 532-33 (11th Cir. 1993); *see also Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (finding that an ALJ who improperly discounted a claimant's subjective complaints of pain and dizziness did not give adequate consideration to the effect that the combination of exertional and non-exertional impairments had on the ability to work); *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986) (directing that the degree of impairment caused by the combination of the claimant's impairment must be assessed on remand, as required by 42 U.S.C. § 423(d)(2)(c).

In this case, the Court finds that the ALJ did not err by failing to consider Plaintiff's impairments individually and in combination. In her decision, the ALJ acknowledged Plaintiff's testimony that her pain medication and psychotropic medication caused headaches and that the "record shows the claimant treated with a neurologist for seizure disorder and migraine headaches." (Tr. 23). Further, the record shows that Plaintiff denied headaches on multiple occasions during the relevant time period. For example, in September 2014, Plaintiff denied headaches during an examination with Dr. Sivaram and in October 2014 Plaintiff denied headaches while being examined by Dr. Levin following Plaintiff's complaints of left foot pain. (Tr. 717, 754-55). Although Plaintiff cites to other evidence in the record showing Plaintiff complained of headaches and was prescribed medications to treat them, she has failed to show any evidence that these headaches caused limitations greater than assessed in the ALJ's RFC finding.

Likewise, the Court finds that remand would be inappropriate to have the ALJ specifically address the evidence that Plaintiff must elevate her left ankle above the hip. Plaintiff fails to cite to any medical opinion limiting Plaintiff's functional ability due to the need to elevate her left ankle. Plaintiff cites to a single record from October 2014 in which Plaintiff reported relief from foot pain when she heated, elevated, and braced her foot. (Tr. 723). There is no principle of

administrative law or common sense that requires remand in quest of a perfect opinion and remand is not essential if it will amount to nothing more than an empty exercise. *Stanton v. Astrue*, 617 F.Supp.2d 1205, 1222 (M.D. Fla. 2008) (citing *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir.1989) and *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000)). Here, remanding the case for the ALJ to address this single record would amount to an empty exercise. The ALJ explained in detail her reasoning in evaluating the medical record and Plaintiff's credibility. For these reasons, the Court will not disturb the ALJ's findings on review.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties